THE CHANCELLOR had no difficulty in ordering the writ to prevent the removal of the timber thus wastefully, and to the creditor injuriously, cut. This has been done in more instances than one, in this Court. The remedy would be imperfect if the timber wantonly cut down were allowed to be removed, for timber may often be the principal source from which the debt can be paid. See 1 Ves.Jr. 93. He doubted, though, whether it would be regular to order a second writ, but here is new matter, "the cutting up and removing the wood." In the bill this was not stated; but in the affidavit it is said that between the time of the application for the first writ and its being served, the defendant has been actively engaged in felling trees and cutting them into wood, and in hauling the wood cut up, from off the premises. This removal of the timber, as well as the cutting the wood, after the application, that is after the bill filed, is a new fact. The removal of the wood has happened since the former order was obtained, therefore it is a proper subject for the interposition of this Court. See 2 Madd. 176. Norris v. Kennedy, 11 Ves. 565. Stone v. Tuffin, Amb. 32.

Writ ordered.

JAMES KILLEN, WILLIAM KILLEN, ANN KILLEN, and ELIZA-
   BETH KILLEN, Infants under twenty-one, by THOMAS REED,
   their Guardian, v. JOHN ADAMS, Executor of Benjamin
   Downs.

Court of Chancery. Kent. February 28, 1822.

*Ridgely's Notebook III, 588.*